UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONNIE BELTHIUS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. C10-5587-TSZ<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Connie Belthius proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -1

# FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1955.[1]  She graduated from high school and previously worked as a food assembler and dental assistant.  (AR 18, 43.)

Plaintiff filed an application for DIB on October 17, 2006, alleging disability beginning January 17, 2005.  She is insured for DIB through December 31, 2010.  (AR 13.)  Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On June 25, 2009, ALJ Richard A. Say held a hearing, taking testimony from plaintiff and a vocational expert. (AR 20-49.)  On August 17, 2009, the ALJ issued a decision finding plaintiff not disabled.  (AR 13-19.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on June 19, 2010 (AR 1-3), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

# JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

# DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's headaches, chronic pain diagnosed as fibromyalgia, arthritis, and degenerative disc disease in the cervical spine severe. The ALJ found plaintiff's depression non-severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she was limited to frequent stooping, crouching, kneeling, balancing, and climbing of ramps and stairs, and not able to climb ladders, ropes or scaffolds. She was able to occasionally reach overhead and should avoid concentrated exposure to chemical odors, fumes, and gases. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a food assembler and, therefore, not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erroneously evaluated the credibility of her testimony

about her symptoms and ability to work, improperly relied on the opinions of a consulting examiner and two non-examining state agency consultants, improperly rejected the opinions of two lay witnesses, made an inadequate RFC finding, and made an insufficient finding as to the physical and mental demands of her past relevant work.  Plaintiff argues the Medical Vocational Guidelines would have mandated a finding of disabled if the ALJ had properly proceeded to step five of the sequential evaluation process.   She requests remand for an award of benefits or, alternatively, for further administrative proceedings.   The Commissioner argues that the ALJ's decision is supported by substantial evidence, free of legal error, and should be affirmed.

<u>Medical Opinion Evidence</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her]

REPORT AND RECOMMENDATION
PAGE -4

own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)).  However, "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995) (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original)).

Plaintiff argues that the ALJ improperly evaluated the medical evidence.  Specifically, plaintiff contends that the ALJ erred in relying on the opinions of the consultative examiner, Nikolas Jones, M.D., Ph.D. (AR 291-95), and the two state agency non-examining consultants, Dr. Richard Alley (AR 259-66) and Dr. Martin Lahr (AR 276).  Also, although not specifically assigning error to the ALJ's consideration of the opinion of her chiropractor, Brian Vroom,[2] D.C., plaintiff argues that Dr. Vroom's opinion was "significant."

In response, the Commissioner contends the ALJ's reliance on these opinions was reasonable, and the ALJ appropriately determined that the record as a whole was sufficient to confirm Dr. Jones' diagnoses and his functional assessment, supporting the ALJ's conclusion that plaintiff was capable of performing light work with specified limitations.  The

---

[2] In her Reply Brief, plaintiff argues that the ALJ's reasons for rejecting Dr. Vroom's opinions were "invalid." (Dkt. 16 at 6.)  However, an argument raised on appeal for the first time in a reply brief is waived.  *United States ex rel. Meyer v. Horizon Health Corp.* 565 F.3d 1195, 1199 n.1 (9th Cir. 2009).

REPORT AND RECOMMENDATION
PAGE -5

Commissioner cites the consulting opinions of Dr. Lahr and Dr. Alley as consistent with the conclusion that plaintiff was capable of performing light work with a limitation to frequent postural changes and occasional overhead reaching.   As to plaintiff's assertion that the opinion of Dr. Vroom, her chiropractor, contradicts the consultants' opinions, the Commissioner argues that the ALJ appropriately gave little weight to the chiropractor's opinion.

In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources."   20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and (e), and Social Security Ruling (SSR) 06-03p.  Less weight may be assigned to the opinions of other sources than acceptable medical sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).   However, "[s]ince there is a requirement to consider all relevant evidence in an individual's case record," the ALJ's decision "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity."  SSR 06-03p.  "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*.  *See also Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (ALJ should provide germane reasons as to each lay witness) and *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (same).

REPORT AND RECOMMENDATION
PAGE -6

The Court does not find fault in the ALJ's decision to assign the opinion of Dr. Vroom little weight. As an "other source," the opinion of a chiropractor may be given less weight than acceptable medical sources. Further, as both parties have noted, Dr. Vroom specifically stated that he had not performed a functional evaluation, nor did he note any difficulties with physical activities. (AR 249.) Finally, Dr. Vroom's opinion that plaintiff would have difficulty continuing "full-time work activities of any kind" addresses an issue reserved to the Commissioner, and is not entitled to "any special significance". 20 C.F.R. § 404.1527(e)(3).

The Court does, however, find error in the ALJ's consideration of the opinions of Dr. Jones. Plaintiff suggests the questionable consistency between the limitation to frequent bending adopted by the ALJ (AR 16) and Dr. Jones' statement that plaintiff would have difficulty with repetitive bending and other physical movements. (AR 295.) Although the Commissioner notes the support for the ALJ's "frequent bending" limitation in the opinion of non-examining physician Martin Kehrli, MD (AR 285), the ALJ did not mention Dr. Kehrli's opinion as support for his findings. We are limited to reviewing the reasons given by the ALJ. *See*, *e.g.*, *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001).

The Court agrees that the ALJ did not adequately address Dr. Jones' statement that plaintiff "may have difficulty with repetitive bending, stooping, crouching, climbing, kneeling, crawling, or pulling secondary to her neck discomfort and her fibromyalgia." (AR 295.) Although the ALJ indicated his intention to give this opinion "significant weight", he did not include any reference to "bending" in either the hypothetical presented to the VE (AR 43) or in the RFC (AR 16). The ALJ does not explain how he reconciled his conclusion that plaintiff could frequently perform those movements with Dr. Jones' concern that plaintiff would have

difficulty with certain repetitive movements.

Moreover, the Court is troubled by the relative superficiality of the evidence relied on by the ALJ in denying benefits. As noted by plaintiff, Dr. Jones reviewed no medical records, and based his opinions on a twenty five minute interview and examination. (AR 291.) The state agency consultants apparently reviewed some medical records, although it is not evident which records they reviewed, and neither consultant examined plaintiff. Neither the resume, nor any other evidence of the qualifications or specialization of either Dr. Jones or the consultants is in the record.

An opinion from one of plaintiff's treating physicians is noticeably absent from the record. While this Court does not find error in the ALJ's consideration of the opinion of plaintiff's chiropractor, most of plaintiff's medical treatment appears to have come from the Gresham Family Medical Center (AR 230-48, 268, 275), primarily from Dr. Emily Bier. Even if plaintiff's attorney did not see fit to obtain Dr. Bier's opinion on the issues presented, the ALJ has an independent duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'") (quoting *Smolen,* 80 F.3d at 1288 (quoting *Brown v. Heckler*, 713 F.2d 441, 442 (9th Cir. 1983)).)

The Court concludes that this case should be remanded to more fully develop the medical record. In addition to obtaining the opinion of one of plaintiff's treating physicians, the ALJ should give consideration to obtaining a medical evaluation from one or more experts qualified to assess the conditions found severe at step two of the sequential evaluation.

/ / /

Credibility

Plaintiff raises several arguments in support of her contention that the ALJ's assessment of her credibility was not legally sufficient. She contends the ALJ's findings regarding the effectiveness of her medications were inconsistent. Plaintiff disputes the ALJ's conclusion that certain medical findings were inconsistent with her allegations of disability, or that the evidence reflected a more active lifestyle than alleged. Rather, plaintiff argues, her level of activity was consistent with her allegations of debilitating pain. Plaintiff contends the ALJ erred in failing to consider factors that supported her testimony, such as her strong work history and the fact no doctor found she lacked credibility or was able to do more than she alleged.

The Commissioner argues the ALJ reasonably found plaintiff had some limitations related to headaches and pain, but not to the extent alleged. Plaintiff's testimony that she did nothing all day and retreated to a dark, noiseless room twice a week for twelve to forty-eight hours was contradicted by her ability to go boating, take care of her injured son, and go on regular walks. The Commissioner further maintains the ALJ reasonably found plaintiff's minimal treatment in recent years inconsistent with her testimony. While plaintiff testified a lack of insurance prevented her from seeking out medical treatment for the past eight months, she did not explain the minimal level of treatment received before November 2008. The Commissioner disputes plaintiff's argument that the ALJ's credibility findings were inconsistent in any way, and argues the ALJ reasonably and sufficiently evaluated all significant probative evidence.

The Court agrees with plaintiff that it was unreasonable for the ALJ to draw an adverse credibility inference from the fact that "[n]o treating physician has provided functional

REPORT AND RECOMMENDATION
PAGE -9

restrictions or opined she is unable to work" (AR 18), without some effort to obtain this information. Furthermore, although the ALJ may consider lack of treatment in his credibility determination, *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005), the ALJ is also obliged to consider "any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p; *available at* 1996 WL 374186. In assessing plaintiff's credibility on remand, the ALJ should address plaintiff's assertion that she did not seek treatment due to her lack of medical insurance.

As to the other reasons articulated by the ALJ in finding plaintiff not fully credible, they are heavily dependent on the medical evidence support for plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms. "No symptoms or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms." SSR 96-7p. Because this case is being remanded for the reasons detailed above, the Court eschews an exhaustive analysis of the ALJ's credibility determination. In light of the fact the Court has found the case should be remanded to obtain additional medical evidence, and because credibility determinations are inescapably linked to conclusions regarding medical evidence, 20 C.F.R. § 404.1529, the ALJ's credibility finding is also reversed and the issue remanded. After re-evaluating the medical evidence of record, the ALJ will be in a better position to evaluate plaintiff's credibility. On remand, the ALJ should properly assess plaintiff's testimony, and provide clear and convincing

REPORT AND RECOMMENDATION
PAGE -10

reasons for rejecting it should such a conclusion be warranted.

## Lay Witnesses

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness. *See Smolen*, 80 F.3d at 1288-89 (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). *Accord Lewis*, 236 F.3d at 511 ("[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.")

Plaintiff contends the ALJ failed to provide germane reasons for disregarding the statements of her husband, Duane Belthius, and her sister, Linda Harris. The Commissioner disagrees, arguing the ALJ found the opinions of these lay witnesses not fully consistent with the treatment record. Specifically, the ALJ found unsupported Ms. Harris' assertion that plaintiff had memory and concentration problems due to medications and fatigue, and found no evidence plaintiff was incapable of performing light exertion tasks with postural limitations. (AR 18.) Inconsistency with the medical evidence is a germane reason for discrediting the testimony of lay witnesses. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Because the ALJ based his assessment of the lay witness opinions on an inconsistency

REPORT AND RECOMMENDATION
PAGE -11

with the treatment record, the Court likewise eschews an analysis of whether the ALJ's reasons for disregarding the opinions were legally sufficient. As with the re-assessment of plaintiff's credibility, the ALJ should review the lay witness statements on remand and explain the weight given them in light of any additional medical evidence considered.

### Step Four

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess his work-related abilities on a function-by-function basis, including a narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p.

Plaintiff argues the ALJ erred in finding she could return to her past relevant work as a food handler. She contends the evidence of record does not support the ALJ's RFC finding but, rather, a limitation to simple, low-stress/slow pace, sedentary work with no more than twenty minutes of sitting at one time (a sit/stand option), a greater number of rest breaks than is typically allowed, and at least two unplanned absences per week. Further, plaintiff argues the ALJ failed to make a sufficient finding as to the physical and mental demands of her past job as a food assembler. In response, the Commissioner notes that an ALJ may properly rely on a vocational expert to offer an expert opinion on the functional demands of a claimant's past relevant work, as the ALJ specifically did in this case (AR 18).

Although plaintiff bears the burden at step four, the ALJ retains a duty to make factual findings to support his conclusion, including a determination of whether a claimant can perform

REPORT AND RECOMMENDATION
PAGE -12

the actual demands and job duties of her past relevant work *or* the functional demands and job duties of the occupation as generally performed in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844-45; SSR 82-62. "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Pinto*, 249 F.3d at 845 (citing SSR 82-62).

In his testimony, the vocational expert indicated plaintiff's past position of food assembler was unskilled, requiring lifting of less than ten pounds and constant standing on cement, and was a light exertional job. (AR 40, 42-43.) While his testimony could have been more explicit, it is clear he was describing the position of food handler both as performed by plaintiff and as generally performed. However, as the testimony in this regard was rather anemic (AR 43-44 ("I'd have to look up the [Dictionary of Occupational Titles (DOT)] for that one[.]; "So, that one may be allowable under this hypothetical.")), the ALJ should clearly establish the physical and mental demands of plaintiff's past work, as well as the DOT code for the position, if plaintiff is again found "not disabled" at step four of the sequential evaluation.

Step Five

Plaintiff argues that if she was not found capable of performing her past relevant work at step four, the Medical-Vocational Guidelines would have compelled a finding of "disabled" at step five, whether or not she was capable of sedentary or light work, once she achieved her 55th birthday. 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 201.14, 202.06. On remand, if the ALJ finds plaintiff incapable of performing her past relevant work at step four, he should proceed to consider the impact of the Medical-Vocational Guidelines on the disability determination.

## CONCLUSION

For the reasons set forth above, this matter should be remanded for further proceedings consistent with the Report and Recommendation.

DATED this 15th day of February, 2011.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge